UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHELLE RENEE PACHTER, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-0380-B |
| | § | |
| WAL-MART STORE TEXAS, LLC, | § | |
| AND WALMART, INC. d/b/a | § | |
| WALMART SUPERCENTER #3225, | § | |
|     Defendants. | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

    COMES NOW, Michelle Renee Pachter, Plaintiff, and files this, her First Amended Petition complaining of Defendants Wal-Mart Stores Texas, LLC, and Walmart Inc. d/b/a Walmart Neighborhood Market # 7240, and respectfully shows the Court the following:

**I.
DISCOVERY CONTROL PLAN**

    1.    Plaintiff intends to conduct Discovery in this case under Level 2 of the Texas Rules of Civil Procedure 190.3.

**II.
CLAIM FOR RELIEF**

    2.    Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees.

**III.
JURISDICTION & VENUE**

    3.    This Court maintains jurisdiction over Defendants because Defendants are out-of-state corporations doing business within the State of Texas, and the torts at issue were committed in Texas. Pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1), venue is proper in Dallas County, Texas because all or a substantial part of the events giving rise to Plaintiff's claim occurred in Dallas County, Texas.

## IV.
## PARTIES

4. Plaintiff, Michelle Renee Pachter is a resident of Collin County, Texas.

5. Defendant, Wal-Mart Stores Texas LLC, is an out-of-state corporation conducting business in Texas, who may be served through its registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6. Defendant, Walmart Inc. d/b/a Walmart Neighborhood Market #7240, is an out-of-state corporation conducting business in Texas, who may be served through its registered agent, C T Corporation System, located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## V.
## BACKGROUND FACTS

7. On or about January 13, 2021, Plaintiff, Michelle Renee Pachter, was at a Walmart Neighborhood Market # 7240 owned/operated by the Defendants Wal-Mart Stores Texas, LLC, and/or Walmart Inc. d/b/a Walmart Neighborhood Market # 7240 located at 880 Lakeview Parkway, Rowlett, Texas 75088. While on the premises of the Defendants, Plaintiff was walking through an aisle when she slipped and fell on a red, slick substance on the floor. At the time of the injury, the premises were being used as a department store by Defendant Wal-Mart Stores Texas, LLC, and/or Walmart Inc. d/b/a Walmart Neighborhood Market # 7240.

## VI.
## NEGLIGENCE OF DEFENDANTS WAL-MART STORES TEXAS, LLC AND WALMART INC. D/B/A WALMART NEIGHBORHOOD MARKET # 7240

8. Defendants were in control of the premises on which Plaintiff's injuries occurred. At the time the injuries occurred, Defendants were the owner of the premises or leasing the premises and had the exclusive right to control the property on which Plaintiff was injured.

9. Plaintiff was an invitee. Plaintiff entered Defendants' premises for the mutual benefit of herself and Defendants and at the implied invitation of Defendants. Defendants extended an open invitation to the public to enter the premises.

10. Defendants failed to maintain and properly inspect the premises. Plaintiff alleges further that Defendants failed to exercise its duty to warn the Plaintiff of or cure the dangerous condition on the premises.

11. Defendants had actual and/or constructive notice of the dangerous condition. As a result of the Defendants' negligent conduct, Plaintiff suffered personal injury.

12. It was Defendant Wal-Mart Stores Texas, LLC, and/or Walmart Inc. d/b/a 'Walmart Neighborhood Market # 7240 negligence and negligence per se, which were the proximate cause of Plaintiff's personal injuries and damages.

13. The conduct of Defendants Wal-Mart Stores Texas, LLC, and/or Walmart Inc. d/b/a Walmart Neighborhood Market # 7240's was the proximate causes of Plaintiff's personal injuries in that Defendants' acts or omissions, constituted negligence in following acts of negligence, to wit:

    a. Failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff and other invitees entering the premises.

    b. Failing to correct the unreasonably dangerous condition.

    c. Failing to warn invitees, including the Plaintiff, of the condition and location of the dangerous condition that posed a risk of falling.

    d. Failing to properly inspect the premises in question to discover the unreasonably dangerous condition created by the unsecured merchandise.

    e. Failing to instruct or train its agents, servants, and employees to maintain a hazard free environment.

    f. Failing to implement proper policies, rules, and/or procedures to make its premises reasonably safe.

    g. Failing to enforce proper policies, rules, and/or procedures to make its premises reasonably safe.

    a. Failing properly and adequately to supervise and oversee the premises to prevent or address the dangerous condition.

    b. Failing to inspect the premises prior to allowing customers and invitees on the premises.

14. Each of the above acts and omissions, singularly or in combination with each other, was the proximate cause of Plaintiff sustaining injuries and damages that are described below.

## VII.
## DAMAGES

15. Plaintiff incorporates the previous paragraphs by reference as though fully set forth in their entirety. Plaintiff incurred the following actual damages for which they seek recovery:

    a. Medical Expenses: Plaintiff incurred bodily injuries which were caused by the Collision. Plaintiff incurred medical expenses in the past and will incur medical expenses in the future.

    b. Physical Pain: Plaintiff endured severe and constant physical pain in the past and will endure pain in the future.

    c. Mental Anguish: Plaintiff endured mental anguish in the past and will endure mental anguish in the future.

    d. Physical Impairment: Plaintiff endured physical impairment in the past and will continue to suffer the effects in the future.

    e. Lost wages and/or Loss of Earning Capacity.

## VIII.
## JURY DEMAND

16. Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff hereby makes demand and application for jury trial.

## IX.
## REQUEST FOR RELIEF

17. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use during the trial of this case any of the documents exchanged in this case.

18. Plaintiff requests that Defendants be cited to appear that upon final trial, and recover from Defendants judgment for:

    a. Actual damages within the jurisdictional limits of the Court;

    b. Pre-judgment interest at the maximum rate allowed by law;

    c. Post-judgment interest at the maximum rate allowed by law;

    d. Costs of Court; and

    e. Such other and further relief to which Plaintiff may be entitled at law or equity.

*[Signature on the following page]*

Respectfully Submitted,

**FIELDING LAW, PLLC**
18601 LBJ Fwy, Suite 315
Mesquite, TX 75150
Tel. (214) 666-8625
Fax. (214) 279-6439

_____
ALLISON J. CAPAUL
State Bar No. 24100072
COURTNEY C. WASHINGTON
State Bar No. 24115928
courtney@fieldinglaw.com
eservice@fieldinglaw.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on the June 1, 2023, the foregoing document was served on counsel of record pursuant to the Federal Rules of Civil Procedure.

**VIA E-SERVICE:**
Randall G. Walters
Brad Dickens
WALTERS BALIDO & CRAIN, LLP
10400 North Central Expressway
Suite 1500
Dallas, Texas 75231
**ATTORNEYS FOR DEFENDANTS**

_____
COURTNEY C. WASHINGTON